UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Kaarin Nelson Schaffer,
as Trustee for the Next of Kin
of  GEORGE P. FLOYD, JR.,
Deceased,

          Plaintiff,

   vs.

Derek Chauvin,  in his individual capacity
as a Minneapolis police officer; Tou Thao,
in his individual capacity as a Minneapolis
police officer; Thomas Lane, in his
individual capacity as a Minneapolis police
officer; J. Alexander Kueng, in his
individual capacity as a Minneapolis police
officer; and the City of Minneapolis,

          Defendants.

FILE NO. 19-CV-2669-NEB-DTS

**MEMORANDUM OF
LAW IN SUPPORT
OF DEFENDANTS'
MOTION FOR STAY
OF PROCEEDINGS**

---

    **"[A] court may decide in its discretion to stay civil
proceedings … [in] the interests of justice…."**

*Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.
2d 1368, 1375 (D.C. Cir. 1980), *cert. denied* (Nov. 17,
1980) (emphasis added0.

                * * * * * * * * * * *

    **"Without a stay of this civil action, the rights of my
client and the other Defendants will be *impeded and
impaired in the parallel criminal case.*"**

    Affidavit of Earl Gray, ¶ 8 (emphasis added).

Dated:  October 29, 2020

# TABLE OF CONTENTS

**<u>Page</u>**

I.   INTRODUCTION ...............................................................3

II.  FACTUAL BACKGROUND.............................................4

III. THIS LAWSUIT SHOULD BE STAYED PENDING
     RESOLUTION OF THE CRIMINAL CASE .................5

IV. CONCLUSION ...............................................................13

## I.   INTRODUCTION

This matter is before the Court upon Motion by the individual Defendants in this case seeking a stay of the proceedings pending the outcome of a parallel criminal case against all of them.  There are four separate criminal complaints, which are consolidated in one legal proceeding pending in Hennepin County District Court. *See* Affidavit of Earl Gray and Exhibit 1.

The present case is a civil action brought by the family of George Floyd, arising out of his death that occurred on Memorial Day evening, May 25, 2020, in south Minneapolis.  The 38-page, 261 paragraph lawsuit alleges one count of liability against the four officers involved in that incident, a claimed violation under the Fourth Amendment, and two other claims against the City of Minneapolis.  The parallel criminal proceeding against all four of the Defendants alleges various counts of murder and aiding and abetting against them, which is now scheduled for trial on March 8, 2021.  *See* Affidavit of Earl Gray, ¶ 4.

The criminal case was filed in early June.  This civil case was commenced in mid-August. The parties have agreed to a series of temporary stays, the current one being set to expire on November 20, 2020.  *See* Docket 36.

For the reasons set forth below, the stay should be extended pending the resolution of the criminal case in order to protect the Fifth Amendment rights of the individual Defendants and to avoid impairing their defenses on the criminal case.

## II.    FACTUAL BACKGROUND

The Court, and just about everyone else, is familiar with the underlying facts and some of the issues in this case. The criminal proceeding alleges serious felonies against the four officers involved in the incident. Meanwhile, the Floyd family has filed this lawsuit, seeking damages against the four officers and the City arising out of the same incident.

The criminal case obviously raises Fifth Amendment issues on behalf of all of the officers. Additionally, some of the officers have sought to sever their trials from each other on grounds, *inter alia*, that they may raise conflicting defenses at trial. The prosecution maintains that they should all be tried together. That issue is pending before Hennepin County District Court Judge Peter Cahill and has not yet been resolved, along with various other critical issues in the criminal case, including a motion for change of venue, among other matters.

The individual officers entered into an agreement with the Plaintiff and the City to stay the Answer for 60 days after the lawsuit was filed in mid-August and subsequent stipulations to extend the stay have been agreed to by the parties. Defendants have sought to reach a stipulation to extend that stay until the criminal cases against the officers are resolved; the City has agreed, but the Plaintiff Floyd family has not, which necessitates this Motion. *See* Affidavit of James Michels, ¶ 7.

4

For the reasons set forth below, the Motion should be granted and the case stayed pending the resolution of the criminal proceeding.

### III.   THIS LAWSUIT SHOULD BE STAYED PENDING RESOLUTION OF THE CRIMINAL CASE

The District Court may stay a civil matter while a criminal matter is pending for purposes of protecting the right of self-incrimination of a defendant under the Fifth Amendment of the U.S. Constitution.  As the U.S. Supreme Court explained in *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973):

> The Fifth Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself.'  The Amendment not only protects the individual against being involuntarily called as a witness against himself in the criminal prosecution, ***but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.***"  (emphasis supplied).

There are a number of reasons to stay a civil matter pending a criminal proceeding that apply in this case.  One is protecting the rights of the Defendants to remain silent under the Fifth Amendment of the U.S. Constitution without placing them in a position of having to choose between the exercise of their Fifth Amendment right, or being in default in the civil proceeding because a negative inference can be drawn against them due to refusal to respond.  *S.E.C. v. Brown,* 658 F.3d 858, 863 (8th Cir. 2011), citing *Baxter v. Dalmigiano,* 425 U.S. 308, 320 (1976).

Additionally, there is the potential for conflicted defenses to be asserted by the Defendants in the criminal case, which may impair their ability to assert their differing,

perhaps conflicting, positions in the civil case without infringing on their ability to defend themselves in the criminal case since the prosecution could be privy to these defenses before the criminal case is tried.   Affidavit of Earl Gray, ¶ 5.

While the Constitution does not "ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings," *Security & Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980), citing *Baxter v. Palmigiano,* 425 U.S. 308 (1976), the court "may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions … [in the] interests of justice."  *Dressler,* 628 F.2d at 1375, quoting *U.S. v. Kordel,* 397 U.S. 1, 12 n. 27 (1970).  Staying civil litigation "until factually related criminal proceedings are concluded are sometimes warranted."  *Koester v. American Republican Investors, Inc.,* 11 F.3d 818, 823 (8th Cir. 1993).

While civil defendants "cannot hide behind a blanket invocation of the Fifth Amendment privilege," *Id.,* they are entitled to a stay by making a "strong showing either of the two proceedings are so interrelated he cannot protect himself in a civil trial by selectively invoking his Fifth Amendment privilege," or the two trials are so overlapped that effective defense of both is impossible.  *Id.*

In addition to the clear-cut Fifth Amendment implications present here, the Court may consider five additional factors:

(1)     The interest of the plaintiff in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiff of a delay;

(2)     The burden which any particular aspect of the proceedings may impose on Defendants;

(3)     The convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4)     The interests of persons not party to the civil litigation; and

(5)     The interest of the public in the pending civil and criminal litigation.

*Fidelity National Title Insurance Co. of New York v. National Title Res. Corp.,* 980 F.Supp. 1022, 1024 (D. Minn. 1997) (Erickson, Mag. J. quoting *Keating v. Office of Thrift Supervision,* 485 F.3d 322, 324-25 (9th Cir. 1995).

The Defendants make that showing here in several respects.

● *Fifth Amendment Privilege At Risk*

Criminal counsel points out that the ongoing civil lawsuit poses a clear and present threat to the exercise of the Fifth Amendment privileges and other defenses in the criminal case. *Affidavit of Earl Gray,* ¶ 8.  They may invoke their Fifth Amendment defense against self-incrimination in the criminal proceeding, but doing so would have a negative impact on their parallel civil case, raising an adverse inference against them that could jeopardize their rights in the present civil case. *Id.*  For this reason, it is "customary" in cases like this with parallel civil and criminal cases proceedings, with serious charges pending, to stay the

7

civil matter to protect the exercise of Constitutional rights in the criminal matter. *Id.,* ¶ 7. Without such a stay, the ability of these defendants to defend themselves will be "impeded and impaired." *Id.,* ¶ 8.

While there are different legal issues in the criminal and civil cases, the underlying facts are essentially identical. Both the criminal case and the civil case arise out of the same incident, involving the same people.

The civil matter is in a very early stage, while the criminal case has been moving forward and is scheduled for trial in less than five months. The complaint in the civil case was filed in mid-August. Requiring the Defendants to interpose an Answer to the Complaint and respond to discovery could jeopardize the exercise of their rights. Filing an answer to their complaint could dilute the exercise of their rights because part of the answer to the complaint could implicate their rights against self-incrimination in the criminal case.

●● *Interest of Plaintiffs Versus Any Prejudice To Defendants*

While Plaintiff certainly has an interest in proceeding expeditiously, that interest is not extraordinary here. Most of the evidence in this case is well preserved in videos, documents, witness statements and the like; and it is unlikely that a reasonably short delay will in any way jeopardize the ability of the Plaintiff to present its case following completion of the criminal proceedings.

In fact, Plaintiff may actually gain an advantage in the civil case by being able to draw upon evidence that is first presented in the criminal case. As the court noted in *White v. Mapco Gas Products Co.,* 116 F.R.D. 498, 502 (1987): "Plaintiffs may actually benefit

from a stay since the … resolution of any criminal cases may reduce the scope of discovery in the civil case to simplify the issues."

● ● ● **Burden on Defendants**

There would be substantial burdens on the Defendants if the matter is not stayed.  In the criminal matter, if they exercise their Fifth Amendment rights, their testimony cannot be used against them.  *See Griffin v. California,* 380 U.S. 609, 615 (1965).  *See also Eighth Circuit Model Jury Instructions,* 3.05 and 4.01.  *See also Carter v. Kentucky,* 450 U.S. 288, 303 (1991); *Lefkowitz v. Turley,* 414 U.S. 70, 84 (1973).

But while invoking the Fifth Amendment cannot be used against a criminal defendant in that case, the opposite is true in a civil case. There, exercise of the right to remain silent can give rise to "adverse inferences related to the failure to bring forward evidence." *S.E.C. v. Brown*, 579 F.Supp. 2d 1228, 1234 (D. Minn. 2008).

Thus, if this matter is not stayed, the defense will face a Hobson's Choice between 1) exercising their Fifth Amendment right to remain silent and 2) facing a negative inference of culpability presumption in the civil matter, if their testimony would have been unfavorable to them, or 3)  waiving their right to remain silent, in the civil case and testify, which then may be used against them in the criminal case.

"The implication of the right against self-incrimination must be given serious consideration in the balancing of interest." *White,* 116 F.R.D. at 502. *See also United States v. Cordell,* 397 U.S. at 9, suggesting that if the Defendant was unable to provide

interrogatory answers that waived their Fifth Amendment rights, the court could "postpone[e] civil discovery until termination of the criminal action."

Courts have often granted stays in civil matters involving §1983 claims, as here, when there are parallel criminal charge against law enforcement officers. *See Doe v. City of Chicago,* 360 F.Supp. 2d 880, 882 (N.D. 2005)(stay of civil action against police officer alleging sexual assault in other matters, while criminal matter relating to the same incident is pending.) *See also Arevalo v. City of Farmers Branch, Texas*, 2017 WL 1153230 at *15 (N.D. Tex.) (court stays discovery in §1983 case against officer who shot a teenager until resolution of parallel criminal proceeding); *Lee v. Ackal,* 2016 WL 1690319 at *4 (W.D. LA. April 25, 2016) stay of administrative proceeding on excessive force matter until "resolution of criminal case." *See* Affidavit of James Michels, ¶ 8.

Likewise, in *Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 943 (N.D. Ill. 2008), the plaintiff brought a civil action against several police officers for excessive force, unreasonable search and seizure, false arrest and detention, as well as deprivation of due process. The defendants had also been charged with crimes relating to the case, while others were not; but defendants all expressed concern they may want to assert their Fifth Amendment rights in the criminal matters. The court there outlined the challenges faced by persons facing a civil matter, as well as actual potential criminal prosecution.

The court discussed the Fifth Amendment privilege of the defendants, including that it is "highly unlikely that any criminal defense attorney worthy of that title would allow any of the individual defendants to testify and answer discovery where the complaint in the

[civil] case." *Id.,* at 944. The court further noted the likelihood is overwhelming that if forced to choose between claiming the privilege and answering discovery of the complaint, each of the individual defendants would claim the privilege, thereby creating the risk that their claim could be helped to prove [the plaintiff's] allegations against them. *Id.* The same is true here, for the individual defendants, placing them in jeopardy of either sacrificing their rights on a criminal case or the civil case, without a stay in this proceeding.

There is ample precedent within the District for a stay, the Mohamed Noor case. *Rusczyk v. Noor*, 349 F.Supp.3d 754 (D. Minn. 2018). Magistrate Judge Leung there stayed the civil wrongful death lawsuit against the former police officer and Minneapolis City officials arising out of the tragic death of Justine Damon (not too far from the George Floyd site) pending resolution of the criminal murder case against Noor. The Magistrate Judge did so largely to preserve the 5th Amendment rights of Noor "given the substantial criminal charges" against him. *Id.,* at 765.

Forcing Noor to choose between invocation of his right against self-incrimination in the criminal case to protect himself in the criminal case, "will not advance [the] parties or the public … [which] will instead be left in essentially the same position as they are now, with no explanation" of the incident. *Id.,* at 767. A stay was appropriate, the Magistrate Judge concluded, because "the public has a paramount interest in preserving the indispensable linkage between truth and fairness … particularly in case that has garnered much publicity locally, nationally, and internationally." *Id.,* at 766-67. The same rationale is applicable here.

Magistrate Judge Leung mentioned flexibility, which is appropriate here, too, by requiring updates from counsel potentially to reassess "the propriety of the stay." *Id.,* at 767.[1]

Justice will be ill served by effectively depriving defendants of the option to exercise their Fifth Amendment rights or not.

### ●●●● Convenience of the Court

There will be no significant burden on the court in staying the civil matter until the outcome of the criminal matter. In fact, the burden may be less once there is a determination in the criminal matter, which may have significant effect on resolution of this the civil litigation. *See Progressive Insurance Co. v. Alivio Chiropractic Care, Inc.,* 2006 WL 6843548 *1-2 (D. Minn. March 15, 2006) (stay may "reduce the scope of discovery or simplify issues in the case.")

### ●●●●● Interests of Non Parties

This matter obviously has attracted enormous attention. But non-parties do not have any cognizable or legal interests in the outcome of the civil case which turns primarily on how much money, if any, will be paid to the Floyd family.

Any changes in police practice, procedures, and other agents of policing in Minneapolis (or elsewhere) are already in place and will not be greatly advanced – or retarded – by the progress of the civil case.

---

[1] Noor ultimately testified in the criminal case. *Id.,* at 767. The civil case soon settled.

12

●●●●● **Public Interest**

While the public has substantial interest in this high profile matter, there also is a public interest to assure that the Defendants are given full and fair rights in a criminal proceeding.  Forcing them to participate in the civil case until the criminal case is resolved may jeopardize their rights in the criminal case and create the perception, if not actuality, that they are not being treated fairly in the criminal case.  The credibility and integrity of the justice system in the eyes of the public will benefit from a stay, but may be diminished without one.

## IV.   CONCLUSION

For the above reasons, the Court should grant the Motion to Stay the litigation pending the outcome of the related criminal matter.

**MEYER NJUS TANICK, P.A.**

Dated:  October __29__, 2020                    By: __/s/:  Marshall H. Tanick_____
                                                     Marshall H. Tanick (#108303)
                                                     Stephen M. Harris (#0264179)
                                                     330 Second Avenue South
                                                     Suite 350
                                                     Minneapolis, MN  55401
                                                     Telephone: (612) 341-2181
                                                     Facsimile: (612) 337-5894
                                                     Email: mtanick@meyernjus.com
                                                             sharris@meyernjus.com

**ATTORNEYS FOR DEFENDANTS**

13