UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kaarin Nelson Schaffer,<br>as Trustee for the Next of Kin<br>of GEORGE P. FLOYD, JR.,<br>Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>Derek Chauvin, in his individual capacity<br>as a Minneapolis police officer; Tou Thao,<br>in his individual capacity as a Minneapolis<br>police officer; Thomas Lane, in his<br>individual capacity as a Minneapolis police<br>officer; J. Alexander Kueng, in his<br>individual capacity as a Minneapolis police<br>officer; and the City of Minneapolis,<br><br>    Defendants. | Case No: _____<br><br><br><br><br>**AFFIDAVIT OF<br>EARL GRAY** |

---

**STATE OF MINNESOTA**  )
            ) SS.
**COUNTY OF HENNEPIN** )

  EARL GRAY, being first duly sworn under oath, states and alleges as follows:

  1. I am an attorney licensed to practice law in the State of Minnesota and other jurisdictions. I am also admitted to Federal District Court in Minnesota and other jurisdictions. I have been in practice, concentrating in criminal defense, since 1970.

1

2. I currently represent Thomas Lane, one of four individual former Minneapolis police officers, who are charged with criminal offenses arising out of the death of George Floyd. The criminal cases have been consolidated and are pending in Hennepin County District Court, Case Nos. 27-CR-20-12646, 12949, 12951, and 12950. *See* attached as Exhibit 1.

3. The criminal proceeding pertains to the same incident and raises overlapping factual matters with the civil case against the officers and the City of Minneapolis pending in the court.

4. The criminal case is currently scheduled for trial on March 8, 2021.

5. The Judge presiding over the case, The Honorable Peter Cahill currently has under advisement, various Motions by the parties, including Motions by the prosecution to consolidate all of the cases for trial and by Defendants for severance and separate trials. One reason the defendants want separate trials is because of the distinct likelihood of conflicting or inconsistent defenses that they may raise at trial implicating the others.

6. Additionally, the Defendants may elect not to testify in order to preserve their Fifth Amendment rights against self-incrimination.

7. For these reasons, speaking on behalf of the other defense attorneys, as well, a stay of the civil proceedings is appropriate in order to let the criminal proceedings play out. Similar stays of proceedings have been customary in this state for many decades.

The circumstances of this case, including the potential for inconsistent defenses, make it essential here.

8. Finally, because of the current criminal investigation, it may be some or all of the defendants invoke the Fifth Amendment. Such an invocation would carry with it, as in any civil proceedings, adverse inferences. Without a stay, the rights of my client and the other defendants will be impeded and impaired in the parallel criminal cases. This would be unfair to my client and the other defendants. Invoking the Fifth also could impede their ability to defend themselves by narrative, and he also will be impaired by the adverse inferences this will create in this case. I believe that a reasonable stay of the civil proceedings in order to allow the criminal proceedings to be concluded is fair and just to all parties under the circumstances.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: October 12th, 2020           By: _____

Subscribed and sworn to before me
on October 12th, 2020.

_____
Notary Public

```
PAT K TRAPP
Notary Public
Minnesota
My Commission Expires
Jan 31, 2025
```

3