# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kaarin Nelson Schaffer, as Trustee for the Next of Kin of George P. Floyd, Jr., Deceased,<br><br>                Plaintiff,<br><br>v.<br><br>Derek Chauvin, in his individual capacity as a Minneapolis police officer; Tou Thao, in his individual capacity as a Minneapolis police officer; Thomas Lane, in his individual capacity as a Minneapolis police officer; J. Alexander Kueng, in his individual capacity as a Minneapolis police officer; and the City of Minneapolis,<br><br>                Defendants. | Case No. 20-cv-1577 (SRN/TNL)<br><br><br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court following Plaintiff's counsel's April 6, 2021 telephone call to the Court. During that call, counsel inquired into whether the Court will itself consider the distribution of settlement proceeds pursuant to Minnesota's wrongful death statute, Minn. Stat. § 573.02, or refer the matter to the magistrate judge. Counsel stated that Plaintiff's position is that this Court must follow the distribution procedures established by § 573.02 and Minnesota General Rule of Practice 144.05. Section 573.02 provides that the recovery in an action for wrongful death "shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally

suffered by the death." Minn. Stat. § 573.02, Subd. 1. The statute charges the court with "determin[ing] the proportionate pecuniary loss of the persons entitled to the recovery and order[ing] distribution accordingly." *Id.* Rule 144.05 in turn creates a process by which the trustee for the decedent's next of kin may petition the court for approval of a settlement and distribution of the settlement proceeds. *See* Minn. Gen. R. Prac. 144.05.

Where a plaintiff asserts causes of action under both 42 U.S.C. § 1983 and Minnesota's wrongful death statute, a federal court will generally follow the distribution procedures required under § 573.02 and Rule 144.05. *See, e.g.*, *Casler as Tr. for Next-of-Kin of Rudolph v. MEnD Corr. Care, PLLC*, No. 18-CV-1020 (WMW/LIB), 2021 WL 487353, at *1 (D. Minn. Feb. 10, 2021). But it is not clear that a federal court must follow Minnesota's wrongful death procedures where a plaintiff asserts causes of action *only* under § 1983. *See Anderson for Anderson v. City of Minneapolis*, No. 16-cv-04114 (SRN/FLN), 2018 WL 1582262, at *6 (D. Minn. Mar. 30, 2018), *aff'd sub nom. Anderson as trustee for next-of-kin of Anderson v. City of Minneapolis*, 934 F.3d 876 (8th Cir. 2019) (holding that the Court "must look to Minnesota's survival and wrongful death statutes solely for the purpose of ascertaining 'who' may bring a § 1983 action," and that other provisions of the statute—specifically, its limitations period—do not apply to § 1983 claims).

In this case, it is unclear whether Plaintiff has alleged a cause of action under Minnesota's wrongful death statute, in addition to Plaintiff's § 1983 causes of action, so as to require adhering to Minnesota's procedures for judicial distribution of settlement proceeds. The Complaint in this matter contains three causes of action: Count I asserts a

claim under § 1983 for Fourth Amendment violations; Count II asserts a § 1983 claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); and Count III asserts a § 1983 claim under *City of Canton v. Harris*, 489 U.S. 378 (1989). To be sure, each Count also includes the language "[t]he conduct described in all of the preceding paragraphs amount [sic] to wrongful acts and omissions for purposes of Minnesota Statute Section 573.02, subdivision 1." (Compl. [Doc. No. 1], at ¶¶ 219, 245, 260.) But the Complaint's Prayer for Relief seeks remedies under 42 U.S.C. § 1988, not Minnesota's wrongful death statute. Accordingly, it is unclear whether the Complaint alleges a wrongful death claim, in addition to its § 1983 claims. *Cf.* Fed. R. Civ. P. 8.

Because it does not appear that the Complaint states a claim or seeks relief under Minnesota's wrongful death statute, it is unclear whether the Court is bound by § 573.02 and Rule 144.05's requirements for judicial approval of settlements and distribution of settlement proceeds. Therefore, the Court will order briefing from the parties addressing whether the settlement in this matter and the distribution of settlement proceeds must be approved by the Court pursuant to the wrongful death statute. The Court would be particularly interested in reviewing other § 1983 cases in which a federal court approved the distribution of a settlement pursuant to Minnesota's wrongful death statute. Plaintiff shall file a memorandum addressing this question by April 23, 2021, and Defendants shall file their responsive memoranda, if any, by May 7, 2021.

**IT IS SO ORDERED.**

Dated: April 9, 2021                         s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge