# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kaarin Nelson Schaffer, as Trustee for the Next of Kin of George P. Floyd, Jr., Deceased,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Derek Chauvin, in his individual capacity as a Minneapolis police officer; Tou Thao, in his individual capacity as a Minneapolis police officer; Thomas Lane, in his individual capacity as a Minneapolis police officer; J. Alexander Kueng, in his individual capacity as a Minneapolis police officer; and the City of Minneapolis,<br><br>　　　　　Defendants. | Case No. 20-cv-1577 (SRN/TNL)<br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court following Plaintiff's counsel's April 6, 2021 telephone call to the Court. During that call, counsel inquired into whether and how the Court will consider the distribution of settlement proceeds pursuant to Minnesota's wrongful death statute, Minn. Stat. § 573.02. The Court, noting that the Complaint does not appear to seek relief under the wrongful death statute, requested additional briefing regarding whether the distribution of settlement proceeds must be approved by the Court pursuant to the wrongful death statute. (Order [Doc. No. 63].) Plaintiff argues that this Court has discretion regarding whether and how to conduct a distribution proceeding,

1

though it is not bound to the procedures established under Minnesota's wrongful death statute. Plaintiff's request, at its core, is that the Court ensure due process for the decedent's next-of-kin, so that they may object to Plaintiff's proposed distribution of settlement proceeds and be heard on any such objection. Defendant City of Minneapolis and Defendant Tou Thao filed responses to Plaintiff's memorandum. The City concurs with the Plaintiff's arguments. (Response by Def. City of Minneapolis [Doc. No. 65].) Thao likewise argues that the Court has discretion to oversee the distribution of settlement proceeds in this case, and requests that the Court do so to ensure that the settlement effects a final resolution of this matter as to all Defendants. (Response by Def. Tou Thao [Doc. No. 66].)

Where a trustee appointed under Minnesota's Wrongful Death Act asserts claims under both 42 U.S.C. § 1983 and the Wrongful Death Act, this Court generally follows the distribution procedures established by Minnesota Statutes § 573.02 and Minnesota General Rule of Practice 144.05. *See* Local Rule 17.1 (providing that the Court shall follow Minnesota's procedures for approving settlements in diversity cases brought under Minnesota's Wrongful Death Statute); *e.g.*, *Broadus v. Johnson*, 16-cv-01211 (WMW/SER), Doc. No. 189 (D. Minn. Jan. 3, 2019) (approving a petition for the distribution of proceeds, where the trustee appointed pursuant to Minnesota's Wrongful Death Act brought claims under § 1983 and the Wrongful Death Act). The Wrongful Death Act specifically charges courts with approving the distribution of settlement proceeds. *See* Minn. Stat. § 573.02, Subd. 1.

But where the trustee asserts claims *only* under § 1983, the Court's authority to supervise the distribution of settlement proceeds is less clear. Plaintiff offers two cases in which this Court approved a petition for the distribution of settlement proceeds pursuant to Minnesota's wrongful death procedures, despite the absence of a claim under the Wrongful Death Act. *See Lynas v. Stang*, No. 18-cv-02301 (JRT/KMM), Doc. No. 131 (D. Minn. Jan. 11, 2021); *Kucera v. Jespersen*, No. 14-cv-04218 (SRN/LIB), Doc. No. 10 (D. Minn. Dec. 12, 2014). In both cases, the trustee appointed under the Wrongful Death Act pursued claims only under § 1983. After obtaining a settlement, the trustee filed a petition for approval of the trustee's proposed distribution of settlement funds to the decedent's next-of-kin, invoking Minnesota Statutes § 573.02 and Minnesota General Rule of Practice 144.05. Because all next-of-kin consented to the proposed distribution, the Court approved the distribution, but without any explanation of the Court's authority to do so.

By contrast, in *Sieff v. Juell*, the Court declined to approve the trustee's proposed distribution of settlement proceeds. *Sieff v. Juell*, No. 15-cv-00419 (PAM/DTS), Doc. No. 90 (D. Minn. May 9, 2017). There, the trustee appointed under the Wrongful Death Act asserted only § 1983 claims. After obtaining consent from the decedent's next-of-kin, the trustee filed a petition for judicial approval of the distribution of settlement funds. The Court denied the petition, reasoning:

> [F]ederal courts are courts of limited jurisdiction and Sieff has not provided the Court with any constitutional or statutory authority that would allow it to exercise jurisdiction over the distribution of Pfister's estate. Quite to the contrary, the Supreme Court has recognized a "probate exception" to otherwise proper federal jurisdiction. See Marshall v. Marshall, 547 U.S. 293, 308 (2006). The probate exception "reserves to state probate courts . . . the administration of a decedent's estate." Id. at 311. Sieff's request that the

> Court order 95% of the settlement to go towards Pfister's two children, with the remaining amount split equally between Pfister's mother and father, as well as order the distributions invested in a tax free annuity and prohibit those annuities from being sold throughout the life of each plan, is exactly the type of issue a state probate court, rather than a United States district court, should determine.

*Id.* at 1–2. Although Plaintiff characterizes the Court's action in *Sieff* as "referring" the distribution of proceeds to a state court, the Court in fact denied the petition for distribution without prejudice.

The Court finds *Sieff* persuasive. Federal courts are courts of limited jurisdiction, and that jurisdiction does not extend to probate matters. Plaintiff invoked this Court's original jurisdiction to consider claims under 42 U.S.C. § 1983—not Minnesota's Wrongful Death Act. Unlike the Wrongful Death Act, there is no mechanism under § 1983 empowering the Court to approve the distribution of settlement proceeds. Plaintiff represents that the parties' settlement resolved not only Plaintiff's asserted § 1983 claims, but also any potential wrongful death claims. While the language of the settlement agreement likely ensures that the settlement resolves all claims that were brought or could have been brought, the Court's jurisdiction is limited to the claims before it, not those that might have been asserted. As in *Sieff*, the Court finds that any dispute between the decedent's next-of-kin regarding their entitlement to the settlement proceeds should be properly resolved in state probate court.

Lastly, the Court must consider Plaintiff's request that the Court "use its discretion to refer the matter to State court as a court of general jurisdiction." (Pl.'s Mem. [Doc. No. 64], at 6-7.) Plaintiff has not identified a mechanism for the Court to "refer" this matter to

4

a state court. This matter was not removed from state court, and Plaintiff has not identified a basis for the Court's authority to remand or otherwise refer it to any other court. In *Sieff*, the Court denied the trustee's petition without prejudice, enabling the trustee to separately invoke the jurisdiction of a proper state court.

Accordingly, Plaintiff's request that the Court rule on the appropriate distribution of settlement proceeds in this case is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 10, 2021
                    s/Susan Richard Nelson
                    SUSAN RICHARD NELSON
                    United States District Judge